Valdiviezo v. Boyer

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of October, two thousand eighteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judge,*
> TIMOTHY C. STANCEU,
> > *Judge.\**

—————————————————————————————

Mario Valdiviezo,

> *Plaintiff-Appellant*,

> v.                                                                           17-1093

Captain Boyer, George R. Vierno Center, City of New York, Ayou, Correction Officer, George R. Vierno Center, John Doe, Emergency Medical Response, George R. Vierno Center, Jane Doe, Emergency Medical Response, George R. Vierno Center,

> *Defendants-Appellees*,

—————————————

\* Timothy C. Stanceu, Chief Judge of the United States Court of International Trade, sitting by designation.

George R. Vierno Center, G.R.V.C., Rikers Island,
George Motchan Detention Center, G.M.D.C.,
Rikers Island,

                         *Defendants*.

_____

FOR PLAINTIFF-APPELLANT:                Mario Valdiviezo, pro se, Coxsackie, NY.

FOR DEFENDANTS-APPELLEES:        Jane L. Gordon, Qian Julie Wang, Assistant Corporation Counsels, for Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Nathan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED AND REMANDED** in part.

Appellant Mario Valdiviezo, pro se, sued New York City ("the City"), two corrections officers, and two medical staff members under 42 U.S.C. § 1983 for unconstitutional conditions of confinement and deliberate indifference to his serious medical needs. The district court dismissed the complaint for failure to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also*

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   Although a court must accept as true all the factual

allegations in the complaint, that requirement is "inapplicable to legal conclusions."   *Iqbal*, 556

U.S. at 678.

I.      **Municipal Liability**

Municipalities, and individuals sued in their official capacity, are liable under § 1983 only

if the challenged conduct was "pursuant to a municipal policy or custom," *Patterson v. Cty. of*

*Oneida, N.Y.*, 375 F.3d 206, 226 (2d Cir. 2004) (citing *Monell v. Dep't of Soc. Serv. of the City of*

*N.Y.*, 436 U.S. 658, 692-94 (1978)), or caused by a "failure to train," *Segal v. City of New York*, 459

F.3d 207, 219 (2d Cir. 2006) (citing *City of Canton v. Harris*, 489 U.S. 378 (1989)).   To satisfy

*Monell*'s policy or custom requirement, a plaintiff must show either that the challenged practice

"was so persistent or widespread as to constitute a custom or usage with the force of law," or that

the "practice of subordinate employees was so manifest as to imply the constructive acquiescence

of senior policy-making officials."   *Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir.

2015) (internal quotation marks omitted).   To establish municipal liability based on a failure to

act, a plaintiff must show "that defendants knew to a moral certainty that the City would confront

a given situation; the situation presented the City with a difficult choice or there was a history of its

mishandling the situation; and the wrong choice by the City would frequently cause the deprivation

of plaintiffs' rights."   *Reynolds v. Giuliani*, 506 F.3d 183, 192 (2d Cir. 2007) (citing *Walker v.*

*City of New York*, 974 F.2d 293, 297-98 (2d Cir. 1992)).   A "general and conclusory allegation"

of a municipal policy or custom fails to state a facially plausible *Monell* claim.   *Littlejohn*, 795

F.3d at 315.

Valdiviezo alleged that the City failed to correct the unsanitary conditions at Rikers, despite

3

receiving numerous grievances from multiple inmates. The constitutionality of housing conditions is assessed by both the severity and duration of the violation. *Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017). Valdiviezo plausibly alleged that the unsanitary conditions of the showers at Rikers reached an unconstitutional level. A liberal reading of Valdiviezo's complaint also indicates that the City failed to adequately correct these conditions for at least eighteen months, even after it received several grievances from multiple inmates and attempted some remedy— namely inspecting, painting, and handwashing the showers. A response that is "so patently inadequate to the task [may] amount to deliberate indifference." *Reynolds*, 506 F.3d at 192-93. Valdivezo's allegation that City officials responded to the grievances by inspecting the showers at least suggests that the City knew "to a moral certainty," *id.* at 192, about the shower conditions in Valdiviezo's unit. Valdiviezo will ultimately have to provide evidence that the City's response was "patently inadequate to the task," but based on the facts alleged, it is too early for us to conclude as a matter of law that he will be unable to do so.

Valdiviezo also alleged that the City failed to implement facility rules and regulations and failed to properly train and supervise its corrections officers and medical personnel. Valdiviezo did not allege facts showing that corrections officers regularly failed to implement rules and regulations or that the City failed to train corrections officers or medical personnel. Nor did he allege facts showing that there was a history of medical staff using detainees to transport patients. Therefore, these allegations were insufficient to state a § 1983 claim.

## II. Individual Liability

The district court erroneously analyzed Valdiviezo's deliberate indifference to medical needs claims under the Eighth Amendment. Valdiviezo's claims should be analyzed under the

4

Fourteenth Amendment because he was a pretrial detainee at the time of alleged incidents. *See Darnell*, 849 F.3d at 29 ("A pretrial detainee's claims are evaluated under the Due Process Clause because, [p]retrial detainees have not been convicted of a crime and thus may not be punished in any manner—neither cruelly and unusually nor otherwise." (internal quotation marks omitted)). A pretrial detainee must satisfy two prongs to prove a deliberate-indifference claim. First, "an 'objective prong' showing that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process." *Id.* at 29. Second, a subjective prong "showing that the officer acted with at least deliberate indifference to the challenged conditions." *Id.*

Valdiviezo asserted that his medical care was inadequate in two ways. First, he alleged that Ayou and Boyer delayed calling for medical help, which did not arrive for an hour. Second, Valdiviezo alleged that medical personnel directed detainees to carry him out of the showers, causing him to be dropped twice.

Although the district court analyzed the delay claim under the wrong amendment, its dismissal of the claim was nonetheless correct. For Fourteenth Amendment claims, this Court applies the same standard as the Eighth Amendment to determine whether an alleged action is objectively serious enough to be a constitutional violation. *Cf. Darnell*, 849 F.3d at 30 (applying Eighth Amendment objective standards to a Fourteenth Amendment conditions-of-confinement claim). In order to meet the objective prong for a claim of deliberate indifference to serious medical needs, the plaintiff must show that he actually did not receive adequate care and that the inadequacy in medical care was sufficiently serious. *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006). When the basis for a prisoner's claim "is a temporary delay or interruption in the

5

provision of otherwise adequate medical treatment," this Court examines whether the delay itself created a risk of harm. *Smith v. Carpenter*, 316 F.3d 178, 185-86 (2d Cir. 2003). In considering whether a delay caused a risk of harm, a court may consider "[t]he absence of adverse medical effects or demonstrable physical injury." *Id.* at 187. Although Valdiviezo alleged that he remained in pain during the hour-long wait, he does not allege that the delay exacerbated his injuries from his initial fall. Therefore, the district court correctly dismissed Valdiviezo's claim based on a delay in his medical care.

However, the district court erred in holding that the medical staff's orders to have detainees carry Valdiviezo—causing two drops to the floor, additional pain, and loss of consciousness—did not violate the Fourteenth Amendment. "In cases where the inadequacy is in the medical treatment given," the analysis focuses on the inadequacy itself. *Salahuddin*, 467 F.3d at 280 (citing *Smith*, 316 F.3d at 185). The medical staff's decision to permit detainees, who were likely untrained, to carry a man complaining of a neck and back injury could constitute inadequate care, as it could have resulted in more serious injury. *See id.* ("[F]ailing to take reasonable measures in response to a medical condition can lead to liability." (internal quotation marks omitted)); *Smith*, 316 F.3d at 188 (a deliberate indifference claim may be based on "conduct . . . exposing an inmate to an unreasonable risk of future harm"). And Valdiviezo alleged that his injuries were exacerbated as a result of the two drops; after the first fall, he was in more pain, and he lost consciousness after the second fall.

Further, the allegations are sufficient to plausibly raise an inference that the medical staff had the requisite mens rea for a Fourteenth Amendment deliberate-indifference claim. Under the Fourteenth Amendment, the defendant's state of mind is evaluated objectively. *Darnell*, 849 F.3d

6

at 36.  A plaintiff must show "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety."  *Id*. at 35.  Here, after Valdiviezo was dropped once, causing him to cry out in pain, the medical staff was aware that there was a risk that Valdiviezo would be dropped again.  Accordingly, Valdiviezo sufficiently alleged that the two members of the medical staff acted recklessly when they ordered the detainees to pick him up again. We therefore vacate and remand with regard to this claim.

We have considered all of Valdiviezo's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is **AFFIRMED** with regard to the claims against the two corrections officers and all but one of the claims against the City.  It is **VACATED AND REMANDED** with regard to the claim against the two unknown medical staff members and the claim against the City regarding the unsanitary conditions of the showers.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7